IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

EDWARD P. HUDAK and
LISA M. HUDAK,

       **Plaintiffs,**

v.

SELENE FINANCE LP, a
Corporation

       **Defendant.**

In the Circuit Court of Harrison
County, West Virginia
Civil Action No. 14-C-570-2

Case No. 1:15CV20
(Judge Keeley)

## SELENE FINANCE LP'S ANSWER TO COMPLAINT

COMES NOW, Defendant Selene Finance LP ("Selene"), by counsel, Patrick D. Johnson, D. Geoff Varney, W. Scott Campbell, and the law firm of Samuel I. White, P.C. and hereby responds to Plaintiffs' Complaint as follows:

### FIRST AFFIRMATIVE DEFENSE

In response to the specifically enumerated paragraphs, Selene states as follows:

1.      In response to Paragraph 1 of the Complaint, Selene admits that it is the current servicer of the subject loan. Selene is without information regarding Plaintiffs' motivation in filing this lawsuit. Selene denies the remaining allegations as stated in Paragraph 1 of the Complaint and demands strict proof thereof.

### PARTIES

2.      Selene is without sufficient information and knowledge to form a belief as to the validity of the allegations set forth in Paragraph 2 of the Complaint.

3.      In response to Paragraph 3 of the Complaint, Selene admits that it is a loan servicer doing business in West Virginia with its principal place of business located in Houston,

Texas.  Selene denies the remaining allegations asserted in Paragraph 3 of the Complaint and demands strict proof thereof.

## STATEMENT OF FACTS

4.    Selene asserts that the applicable Deed of Trust speaks for itself and therefore no response is required to the allegations asserted in Paragraph 4 of the Complaint.  To the extent said allegations may imply liability to Selene, Selene denies the same and demands strict proof thereof.

5.    (a)    Selene admits the allegations set forth in Paragraph 5(a) of the Complaint.

(b)    Selene asserts that the allegations set forth in Paragraph 5(b) of the Complaint call for legal conclusions to which no response is required.  To the extent said allegations may imply liability to Selene, Selene denies the same and demands strict proof thereof.

(c)    Selene asserts that the allegations set forth in Paragraph 5(c) of the Complaint call for a legal conclusion to which no response is required.  To the extent said allegations may imply liability to Selene, Selene denies the same and demands strict proof thereof.

(d)    Selene asserts that the allegations set forth in Paragraph 5(d) of the Complaint call for a legal conclusion to which no response is required.  To the extent said allegations may imply liability to Selene, Selene denies the same and demands strict proof thereof.

6.    Selene asserts that the applicable Deed of Trust and Regulations speak for themselves and therefore no response is required to the allegations asserted in Paragraph 6 of the

Complaint.  To the extent said allegations may imply liability to Selene, Selene denies the same and demands strict proof thereof.

7.      Selene asserts that the allegations set forth in Paragraph 7 of the Complaint call for legal conclusions to which no response is required.  To the extent said allegations may imply liability to Selene, Selene denies the same and demands strict proof thereof.

8.      Selene asserts that the applicable payment history regarding Plaintiffs' loan speaks for itself, and therefore, no response is required to the allegations set forth in Paragraph 8 of the Complaint.  To the extent said allegations may imply liability to Selene, Selene denies the same and demands strict proof thereof.

Forbearance Contract

9.      Selene is without sufficient information and knowledge to form a belief as to the validity of the allegations set forth in Paragraph 9 of the Complaint.

10.      Selene asserts that the allegations set forth in Paragraph 10 of the Complaint are directed at others, not toward Selene and, therefore, no response is required.  To the extent that said allegations may imply liability to Selene, Selene denies the same and demands strict proof thereof.

11.      Selene asserts that the applicable Forbearance Agreement speaks for itself, and therefore, no response is required to the allegations set forth in Paragraph 11 of the Complaint. To the extent said allegations may imply liability to Selene, Selene denies the same and demands strict proof thereof.

12.      Selene asserts that the applicable Forbearance Agreement and payment history speak for themselves, and therefore, no response is required to the allegations set forth in

Paragraph 12 of the Complaint. To the extent said allegations may imply liability to Selene, Selene denies the same and demands strict proof thereof.

13.     Selene asserts that the applicable letter speaks for itself, and therefore, no response is required to the allegations set forth in Paragraph 13 of the Complaint. To the extent said allegations may imply liability to Selene, Selene denies the same and demands strict proof thereof.

14.     Selene asserts that the applicable billing statement speaks for itself, and therefore, no response is required to the allegations set forth in Paragraph 14 of the Complaint. To the extent said allegations may imply liability to Selene, Selene denies the same and demands strict proof thereof.

Transfer to Defendant Selene & Breach of Forbearance Contract

15.     Selene asserts that the applicable letter speaks for itself, and therefore, no response is required to the allegations set forth in Paragraph 15 of the Complaint. To the extent said allegations may imply liability to Selene, Selene denies the same and demands strict proof thereof.

16.     (a)     Selene asserts that the applicable correspondence speaks for itself, and therefore, no response is required to the allegations set forth in Paragraph 16(a) of the Complaint. To the extent said allegations may imply liability to Selene, Selene denies the same and demands strict proof thereof.

        (b)     Selene asserts that the applicable letter speaks for itself, and therefore, no response is required to the allegations set forth in Paragraph 16(b) of the Complaint. To the extent said allegations may imply liability to Selene, Selene denies the same and demands strict proof thereof.

17.  (a)  Selene denies the allegations set forth in Paragraph 17(a) of the Complaint and demands strict proof thereof.

(b)  Selene denies the allegations set forth in Paragraph 17(b) of the Complaint and demands strict proof thereof.

(c)  Selene denies the allegations set forth in Paragraph 17(c) of the Complaint and demands strict proof thereof.

Breach of Loss Mitigation Provisions of Deed of Trust

18.  (a)  Selene is without sufficient information and knowledge to form a belief as to the validity of the allegations set forth in Paragraph 18(a) of the Complaint.  To the extent said allegations may imply liability to Selene, Selene denies the same and demands strict proof thereof.

(b)  Selene denies the allegations set forth in Paragraph 18(b) of the Complaint and demands strict proof thereof.

19.  Selene denies the allegations set forth in Paragraph 19 of the Complaint and demands strict proof thereof.

20.  Selene asserts that the applicable letter speaks for itself, and therefore, no response is required to the allegations set forth in Paragraph 20 of the Complaint.  To the extent said allegations may imply liability to Selene, Selene denies the same and demands strict proof thereof.

21.  Selene denies the allegations set forth in Paragraph 21 of the Complaint and demands strict proof thereof.

Only Seven Days to Cure Alleged Default

22.    (a)    Selene asserts that the applicable document speaks for itself, and therefore, no response is required to the allegations set forth in Paragraph 22(a) of the Complaint.  To the extent said allegations may imply liability to Selene, Selene denies the same and demands strict proof thereof.

(b)    Selene asserts that the applicable document speaks for itself, and therefore, no response is required to the allegations set forth in Paragraph 22(b) of the Complaint.  To the extent said allegations may imply liability to Selene, Selene denies the same and demands strict proof thereof.

Refusal of Payments

23.    Selene denies the allegations set forth in Paragraph 23 of the Complaint as stated. Further, Selene asserts that Plaintiffs' allegation is argumentative and improper.  To the extent said allegations may imply liability to Selene, Selene denies the same.

24.    Selene denies the allegations set forth in Paragraph 24 of the Complaint and demands strict proof thereof.

Contacts after Representation

25.    (a)    Selene asserts that the applicable letter speaks for itself, and therefore, no response is required to the allegations set forth in Paragraph 25(a) of the Complaint.  To the extent said allegations may imply liability to Selene, Selene denies the same and demands strict proof thereof.

(b)    Selene denies the allegations set forth in Paragraph 25(b) of the Complaint and demands strict proof thereof.

(c)     Selene denies the allegations set forth in Paragraph 25(c) of the Complaint and demands strict proof thereof.

Foreclosure

26.     Selene denies the allegations set forth in Paragraph 26 of the Complaint, and demands strict proof thereof.

27.     Selene denies the allegations set forth in Paragraph 27 of the Complaint, and demands strict proof thereof.

## COUNT I – BREACH OF FORBEARANCE CONTRACT

28.     Selene adopts and incorporates, by reference, its answers to all of the preceding paragraphs as if fully set forth hereunder.

29.     (a)     Selene asserts that the applicable Forbearance Agreement speaks for itself, and therefore, no response is required to the allegations set forth in Paragraph 29(a) of the Complaint.  To the extent said allegations may imply liability to Selene, Selene denies the same and demands strict proof thereof.

(b)     Selene asserts that the applicable Forbearance Agreement speaks for itself, and therefore, no response is required to the allegations set forth in Paragraph 29(b) of the Complaint.  To the extent said allegations may imply liability to Selene, Selene denies the same and demands strict proof thereof.

30.     Selene asserts that the applicable Forbearance Agreement speaks for itself, and therefore, no response is required to the allegations set forth in Paragraph 30 of the Complaint. Further, Selene asserts that said allegations call for a legal conclusion to which no response is required.  To the extent said allegations may imply liability to Selene, Selene denies the same and demands strict proof thereof.

31.     Selene denies the allegations set forth in Paragraph 31 of the Complaint and demands strict proof thereof.

32.     Selene denies the allegations set forth in Paragraph 32 of the Complaint and demands strict proof thereof.

33.     Selene denies the allegations set forth in Paragraph 33 of the Complaint, and demands strict proof thereof.

Selene denies that Plaintiffs are entitled to any relief requested in the "Wherefore" Section of Count I of the Complaint, including subsections (a) through (d) regarding actual damages, specific performance, and attorney's fees and costs.

## COUNT II – BREACH OF CONTRACT (DEED OF TRUST)

34.     Selene adopts and incorporates, by reference, its answers to all of the preceding paragraphs as if fully set forth hereunder.

35.     Selene asserts that the applicable Deed of Trust and Note speak for themselves, and therefore, no response is required to the allegations set forth in Paragraph 35 of the Complaint.  To the extent said allegations may imply liability to Selene, Selene denies the same and demands strict proof thereof.

36.     (a)     Selene asserts that the applicable Deed of Trust speaks for itself, and therefore, no response is required to the allegations set forth in Paragraph 36(a) of the Complaint. To the extent said allegations may imply liability to Selene, Selene denies the same and demands strict proof thereof.

        (b)     Selene asserts that the applicable "agreement", Deed of Trust and Note speak for themselves, and therefore, no response is required to the allegations set forth in

Paragraph 36(b) of the Complaint.  To the extent said allegations may imply liability to Selene, Selene denies the same and demands strict proof thereof.

37.     Selene asserts that the applicable Deed of Trust and Note speak for themselves, and therefore, no response is required to the allegations set forth in Paragraph 37 of the Complaint.  To the extent said allegations may imply liability to Selene, Selene denies the same and demands strict proof thereof.

38.     Selene asserts that the allegations set forth in Paragraph 38 of the Complaint call for a legal conclusion to which no response is required.  To the extent the allegations may imply liability to Selene, Selene denies the same and demands strict proof thereof.

39.     (a)     Selene denies the allegations set forth in Paragraph 39(a) of the Complaint, and demands strict proof thereof.

        (b)     Selene denies the allegations set forth in Paragraph 39(b) of the Complaint, and demands strict proof thereof.

        (c)     Selene denies the allegations set forth in Paragraph 39(c) of the Complaint, and demands strict proof thereof.

40.     Selene denies the allegations set forth in Paragraph 40 of the Complaint, and demands strict proof thereof.

41.     Selene denies the allegations set forth in Paragraph 41 of the Complaint, and demands strict proof thereof.

Selene denies Plaintiffs are entitled to any relief requested in the "Wherefore" Section of Count II of the Complaint, including subsections (a) through (d) regarding actual damages, specific performance, and attorney's fees and costs.

## COUNT III – ILLEGAL REFUSAL TO CREDIT PAYMENTS

42.     Selene adopts and incorporates, by reference, its answers to all of the preceding paragraphs as if fully set forth hereunder.

43.     Selene denies the allegations set forth in Paragraph 43 of the Complaint, and demands strict proof thereof.

Selene denies Plaintiffs are entitled to any relief requested in the "Wherefore" Section of Count III of the Complaint, including subsections (a) through (e) regarding declaratory relief, statutory penalties, actual damages, and attorney's fees and costs.

## COUNT IV – UNCONSCIONABLE MEANS TO COLLECT

44.     Selene adopts and incorporates, by reference, its answers to all of the preceding paragraphs as if fully set forth hereunder.

45.     Selene denies the allegations set forth in Paragraph 45 of the Complaint and demands strict proof thereof.

Selene denies that the Plaintiffs are entitled to any of the relief requested in the "Wherefore" Section of Count IV of the Complaint, including subsections (a) through (e), regarding declaratory relief, statutory penalties, actual damages, and attorney's fees and costs.

## COUNT V – ILLEGAL DEBT COLLECTION

46.     Selene adopts and incorporates, by reference, its answers to all of the preceding paragraphs as if fully set forth hereunder.

47.     Selene denies the allegations set forth in Paragraph 47 of the Complaint and demands strict proof thereof.

Selene denies that the Plaintiffs are entitled to any of the relief requested in the "Wherefore" Section of Count V of the Complaint, including subsections (a) through (e), regarding declaratory relief, statutory penalties, actual damages, and attorney's fees and costs.

### COUNT VI – CONTACTS AFTER REPRESENTATION

48.     Selene adopts and incorporates, by reference, its answers to all of the preceding paragraphs as if fully set forth hereunder.

49.     Selene denies the allegations set forth in Paragraph 49 of the Complaint and demands strict proof thereof.

Selene denies that the Plaintiffs are entitled to any of the relief requested in the "Wherefore" Section of Count VI of the Complaint, including subsections (a) through (e), regarding declaratory relief, statutory penalties, actual damages, and attorney's fees and costs.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs fail to state a claim for which relief may be granted against Selene.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs fail to state a claim of Breach of Forbearance Contract for which relief may be granted against Selene.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiffs fail to state a claim of Breach of Contract (Deed of Trust) for which relief may be granted against Selene.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiffs fail to state a claim of Illegal Refusal to Credit Payments for which relief may be granted against Selene.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiffs fail to state a claim of Unconscionable Means to Collect for which relief may be granted against Selene.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs fail to state a claim of Illegal Debt Collection for which relief may be granted against Selene.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs fail to state a claim of Contacts after Representation for which relief may be granted against Selene.

## NINTH AFFIRMATIVE DEFENSE

Plaintiffs fail to state a claim pursuant to the West Virginia Consumer Credit Protection Act for which relief may be granted against Selene.

## TENTH AFFIRMATIVE DEFENSE

Selene hereby invokes any and all affirmative defenses applicable in defense of the claims asserted herein and against them by the Plaintiffs as may be relevant or pertinent, and justified and established by the facts and circumstances thereof.  Such affirmative defenses are as contemplated and/or set forth in Rules 8 and 12 of the ***Federal Rules of Civil Procedure***.

## ELEVENTH AFFIRMATIVE DEFENSE

The alleged injuries and/or damages to the Plaintiffs were or may have been caused by the acts of others or through their own fault, and are in no way attributable to any wrong doing on the part of Selene.

**TWELFTH AFFIRMATIVE DEFENSE**

Selene denies that it has breached any form of duty or standard with respect to Plaintiffs.

**THIRTEENTH AFFIRMATIVE DEFENSE**

The acts of others who are not Selene, and who are not agents of Selene, are the sole cause of the Plaintiffs' damages, if any, and, therefore, Plaintiffs may not recover against Selene.

**FOURTEENTH AFFIRMATIVE DEFENSE**

The damages of which Plaintiffs complain were not the proximate result of any acts or omissions or commissions on the part of Selene.

**FIFTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs are precluded from raising the claims and causes of action by reason of the documents executed by Plaintiffs, including the "Promissory Note" and "Deed of Trust", wherein Plaintiffs acknowledged and agreed to the aspects of the transaction of which they now complain.

**SIXTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs are precluded from raising the claims and causes of action set forth in the Complaint based upon the terms of the "Forbearance Agreement" executed by the Plaintiffs.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

If Plaintiffs are successful in voiding the loan agreement, Note, or Deed of Trust on the grounds that such agreements are void for reasons claimed in the Complaint, Selene is entitled to restitution for all benefits bestowed upon the Plaintiffs, including the full amount of the loan proceeds paid to the Plaintiffs.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' Complaint is barred in whole or in part by the doctrines of release, waiver, payment, accord and satisfaction, and claim splitting.

## NINTEENTH AFFIRMATIVE DEFENSE

Selene asserts the defenses of breach of contract, setoff, and failure to mitigate damages.

## TWENTIETH AFFIRMATIVE DEFENSE

Selene asserts the affirmative defenses of unclean hands and estoppel.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Selene specifically reserves the right to plead any and all other affirmative defenses not specifically raised herein that may arise during the discovery or otherwise.  Furthermore, Selene specifically reserves the right to file an amended answer, counterclaims, cross-claims, or third-party complaints should additional discovery demonstrate the propriety of the same.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Selene hereby raises as affirmative defense any statutory immunities or defenses available pursuant to Chapter 46A of the West Virginia Code and Chapter 15 of the United States Code relating to consumer credit and protection.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Pursuant to W. Va. Code § 46A-5-101(8), if any alleged activity of Selene is deemed to be a violation, such activity was unintentional or the result of a bona fide error of fact notwithstanding the maintenance of procedures reasonably adapted to avoid any such violation or error.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

Selene reserves all rights to claim attorneys' fees incurred in the defense of this matter pursuant to W. Va. Code § 46A-5-104 in the event that it is established that any or all claims set forth in the Complaint were brought by Plaintiffs in bad faith or for the purpose of harassment.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' causes of action under the West Virginia Consumer Credit and Protection Act are barred because Selene was in compliance with the West Virginia Consumer Credit and Protection Act with respect to any communications or transactions with Plaintiffs.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

Penalties sought by Plaintiffs under the West Virginia Consumer Credit and Protection Act are punitive in nature and will deprive Selene of Due Process guaranteed under the United States Constitution and the Constitution of West Virginia.  Therefore, the remedies requested by Plaintiffs are unconstitutional and should be barred.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Selene hereby asserts federal preemption as an affirmative defense under any and all applicable federal statutes and/or regulations.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claims and causes of action are, in whole or in part, barred by preemption pursuant to the terms of the Depository Institutions Deregulation and Monetary Control Act of 1980 (§ 50, Public Law 96-221m; 94 Stat, 161) or by the Truth in Lending Act (15 U.S.C. § 1641 (a)) or both.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

Plaintiffs' state law claims are pre-empted, in whole or in part, by federal law including, but not limited to, the National Banking Act and the Fair Debt Collections Practices Act.

## THIRTIETH AFFIRMATIVE DEFENSE

Selene hereby reserves the right to raise federal preemption as an affirmative defense under any federal statute and/or regulation which is not expressly raised in this Answer.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

Selene asserts all available defenses pursuant to the documents executed by the parties and/or the Plaintiffs.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

Selene denies any allegation that may not be expressly admitted in the response.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

Selene asserts the applicable statute of limitations and/or laches as an affirmative defense barring Plaintiff's asserted claims.

**WHEREFORE**, Selene Finance LP, having answered the Complaint, demands that said Complaint be dismissed, *with prejudice*; that it be awarded all costs expended on its behalf, including reasonable attorneys' fees; and that the Court grant it such other relief as the Court deems just and proper.

<div style="margin-left:40%">

**SELENE FINANCE LP,**
**By Counsel,**

</div>

_____/s/ W. Scott Campbell, Esquire_____
Patrick D. Johnson, Esquire (WVSB #12411)
D. Geoff Varney, Esquire (WVSB #11552)
W. Scott Campbell, Esquire (WVSB #4232)
Samuel I. White, P.C.
601 Morris Street, Suite 400
Charleston, WV  25301
(304) 414-0200

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**EDWARD P. HUDAK and**
**LISA M. HUDAK,**                                    **In the Circuit Court of Harrison**
                                                        **County, West Virginia**
         **Plaintiffs,**                              **Civil Action No. 14-C-570-2**

**v.**                                               **Case No. 1:15CV20**
                                                     **(Judge Keeley)**
**SELENE FINANCE LP, a**
**Corporation**

         **Defendant.**


**CERTIFICATE OF SERVICE**

I hereby certify that on the ___13th___ day of February 2015, I electronically filed the

forgoing "*Selene Finance LP's Answer to Complaint*" with the Clerk of the Court for the United

States District Court for the Northern District of West Virginia by using the CM/ECF system.  I

certify that all participants or designated counsel in the case are to the best of my knowledge and

understanding registered CM/ECF users and that service will be accomplished by the CM/ECF

system.


                              By: */s/ W. Scott Campbell*___
                              SAMUEL I. WHITE, P.C.